IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCES L. SCHAFER** | : | CIVIL ACTION |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **DECISION ONE MORTGAGE** | : | |
| **CORPORATION, et al.** | : | |
| | : | |
| **Defendants.** | : | NO. 08-5653 |

## MEMORANDUM

GENE E.K. PRATTER, J.                                                                           MAY 29, 2009

Plaintiff Frances L. Schafer brings suit against the lender in a serial loan transaction, the two assignees and present holders of the loans at issue, and the loan broker. Against the lender and the present holders of the loans, Ms. Schafer seeks a declaration of rescission, statutory damages, finance charges and fees under the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"), plus reasonable attorneys' fees and costs. She asserts state law claims against the loan broker.

There are four pending motions in this case: a motion to dismiss filed by Greenwich Capital Financial Products, Inc. ("Greenwich"), a motion to dismiss filed by Decision One Mortgage Corporation ("Decision One") and HSBC Mortgage Corporation ("HSBC"), a motion to sever filed by Decision One and HSBC, and a motion to remand filed by Ms. Schafer. For the reasons that follow, the Court grants both of the motions to dismiss, leaving the motion to sever and motion to remand moot.

I.      FACTUAL BACKGROUND

Ms. Schafer entered into a mortgage loan transaction on December 21, 2004 with Decision One to refinance the existing mortgage on her residence in Exton, Pennsylvania. Compl. at ¶¶ 3, 6.  Ms. Schafer asserts that, contrary to her expectation that she would receive a single loan from Decision One, Decision One "split" the loan transaction into two loans, resulting in a serial loan transaction.  Id. at ¶ 6.  Ms. Schafer states that she was not provided with disclosures that accurately described the loans she received; rather, she was presented with inaccurate Notices of Right to Cancel.  She claims as well that she was charged excessive title insurance costs and other costs that were improperly excluded from the finance charge disclosed to her, including a "kickback" to the loan broker, Evergreen Mortgage & Funding Services, Inc. ("Evergreen").  Id. at ¶¶ 4, 7, 8.  All of these improprieties, she alleges, constitute material violations of TILA.  Id.  The smaller of the two loans eventually was assigned to HSBC and the larger was assigned to Greenwich.  Id. at ¶ 2.

On July 14, 2005, Ms. Schafer filed a Chapter 7 petition for bankruptcy.  She did not reference her TILA claims in the Bankruptcy Schedules, and she did not list them as assets to be exempted from distribution to the trustee.  See In re Schafer, No. 05-19676 (DWS), at No. 1 (Bankr. E.D. Pa. 2005) (Voluntary Petition for Bankruptcy with accompanying schedules), attached to Defendant Greenwich's Motion to Dismiss as Ex. A.  Ms. Schafer avers that she was not aware in 2005 that she had any claims arising from her 2004 loan transaction, and, she claims, neither was the attorney who was then representing her.  Pl.'s Mem. Of Law in Opp. to Mot. of Defs. Decision One and HSBC to Dismiss at 2.[1]  Ms. Schafer was granted a discharge in

---

[1] Ms. Schafer asserts that she was totally unaware of her TILA claims until 2007, when she consulted present counsel.  Pl.'s Mem. of Law in Opp. to Mot. of Defs. Decision One and

2

bankruptcy on November 2, 2005, and the Chapter 7 bankruptcy case was closed two weeks later. See id.

On June 6, 2007, a foreclosure action was brought against Ms. Schafer in the Chester County Court of Common Pleas, arising out of Ms. Schafer's default on the larger of her two loans, which had been assigned to Greenwich. See docket sheet from Deutsche Bank Nat'l Trust Co. v. Schafer, No. 2007-5464-C0 (Pa. C.C.P. Chester County), attached to Defendant Greenwich's Motion to Dismiss as Ex. B. See also Compl. at Ex. D. On February 13, 2008, the court in the foreclosure action entered judgment against Ms. Schafer. Id.

Prior to the foreclosure action judgment, Ms. Schafer's present counsel sent letters to HSBC, Decision One, Deutsche Bank National Trust Company (the entity which had instituted foreclosure proceedings against Ms. Schafer), and Countrywide Home Loans, Inc. (the entity servicing the loan owned by Greenwich) on or about October 29, 2007, requesting rescission of the loans due to material violations of the TILA. See Compl. at ¶¶ 9-10, Ex. D. Ms. Schafer contends that these letters constituted qualified written requests under the Real Estate Settlement Procedures Act, 12 U.S.C. 2605(5)(e) ("RESPA"). Id.

Ms. Schafer received two responses from Countrywide, neither of which indicated that Countrywide or Greenwich would honor Ms. Schafer's rescission request. Compl. at ¶ 10, Ex. E, Ex. F. HSBC denied the rescission request outright. See Compl. at Ex. G.

In 2008, Ms. Schafer filed a Chapter 13 bankruptcy case to stay a sheriff's sale of her home. See Pl.'s Mem. of Law in Opp. to Mot. of Defs. Decision One and HSBC to Dismiss at 3. This Chapter 13 Bankruptcy case remains extant and predated Ms. Schafer's October 28,

---

HSBC to Dismiss at 2.

2008 filing of a civil complaint in the Chester County Court of Common Pleas against Decision One, HSBC, Greenwich and Evergreen, which was removed to this Court on December 5, 2008.

II.     STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Although Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (quoting Conley, 355 U.S. at 47), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations omitted). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 1965 (citations omitted). To survive a motion to dismiss, a civil complaint must allege "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. __, No. 07-1015, 2009 WL 1361536, 2009 U.S. LEXIS 3472, at *12 (May 18, 2009).

The Court "must only consider those facts alleged in the complaint and accept all of those allegations as true." ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); see also Twombly, 127 S. Ct. at 1965 (stating that courts must assume that "all the allegations in the complaint are true (even if doubtful in fact)"). The Court must also accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. Rocks v. Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). The Court, however, need not accept as true "unsupported conclusions and unwarranted inferences," Doug

4

Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183-84 (3d Cir. 2000) (citing City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 n.13 (3d Cir. 1998)), or the plaintiff's "bald assertions" or "legal conclusions," Morse v. Lower Merion Sch. Dist., 132 F.3d. 902, 906 (3d Cir. 1997).

The Court may consider the allegations contained in the complaint, exhibits attached to the complaint, matters of public record and records of which the Court may take judicial notice. See Tellabs, Inc. v. Makor Issues & Rts., 127 S. Ct. 2499, 2509 (2007); Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Specifically, a court may take judicial notice of the record from a state court proceeding and consider it on a motion to dismiss. See, e.g., Poli v. SEPTA, No. 97-6766, 1998 WL 405052, at *3, n.1 (E.D. Pa. Jul. 7, 1998). A court may also take judicial notice of documents from a bankruptcy proceeding, and consider them on a motion to dismiss. See Ieradi v. Mylan Labs., Inc., 230 F.3d 594, 600 n. 3 (3d Cir.2000) ("Under Federal Rule of Evidence 201, we may take judicial notice at any stage of the proceeding of a fact not subject to reasonable dispute that is capable of accurate and ready determination by resort to a source whose accuracy cannot be reasonably questioned."); Freeman v. Kmart Corp., No. 06-2412, 2007 WL 1576463, at *3 (E.D. Pa. May 30, 2007); Jones v. Wolpoff & Abramson, L.L.P., No. 05-5774, 2006 WL 266102, at *1, n.3 (E.D. Pa. Jan. 31, 2006). See also In re Soto (Soto v. PNC Bank), 221 B.R. 343, 347 (Bankr. E.D. Pa. 1998) (noting that a court may take judicial notice of a court record within its jurisdiction).

III. DISCUSSION

At the outset, the Court notes that Evergreen was never served with Ms. Schafer's

Complaint,[2] and therefore the only claims at issue here are the claims that Ms. Schafer brings under TILA. To that end, Decision One, HSBC, and Greenwich all argue that Ms. Schafer lacks standing to bring TILA claims, and that her claims are barred by the doctrine of res judicata. Additionally, Greenwich argues that the claims brought against it are barred by the Rooker-Feldman doctrine. The Court need only address the arguments regarding standing.

Pursuant to 11 U.S.C. § 541(a)(1), a Chapter 7 bankruptcy case requires a debtor to schedule as assets of the estate "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Section 541(a) is construed broadly with respect to what constitutes property of the estate. United States v. Whiting Pools, Inc., 462 U.S. 198, 204 (1983); Roberts v. First Bank of Delaware, No. 07-1406, 2008 U.S. Dist. LEXIS 71266, at **17-18 (M.D. Pa. Sept. 19, 2008). "[T]he broad scope of § 541 encompasses causes of action existing at the time the bankruptcy action commences." Anderson v. Acme Markets, Inc., 287 B.R. 624, 629 (E.D. Pa. 2002); see also Lambert v. Fuller Co., Inc., 122 B.R. 243, 246 (E.D. Pa. 1990) (following "expansive approach" in determining the breadth of § 541 to hold that causes of action that accrued prior to the filing of the bankruptcy petition are included in the bankruptcy estate); Cain v. Hyatt, 101 B.R. 440, 441-42 (E.D. Pa. 1989). In other words, "legal claims which accrued before the filing of the bankruptcy petition are included in the estate." Roberts, 2008 U.S. Dist. LEXIS 71266 at *18. See also Banks v. County of Allegheny, 223 Fed. App'x 149, 151 (3d Cir. 2007); Wilson v. Parisi, No. 04-1737, 2007 U.S. Dist. LEXIS 21109, at **9-11 (M.D. Pa. Mar. 26, 2007).

After a debtor files a Chapter 7 petition, a trustee is appointed to administer the property

---

[2] Oral Argument Tr. at 9.

of the estate, and becomes the sole representative of the estate.  See 11 U.S.C. § 701; 11 U.S.C. § 323(a)-(b).  From that point onwards, the debtor no longer has standing to pursue a cause of action that existed at the time the Chapter 7 petition was filed because "only the trustee . . . has the authority to prosecute and/or settle such causes of action."  Cain, 101 B.R. at 442.  See also In re Salzer, 52 F.3d 708, 711 (7th Cir. 1995); Stramiello-Yednak v. Perl, No. 05-517, 2006 U.S. Dist. LEXIS 28306, at **7-8 (W.D. Pa. Apr. 28, 2006); Anderson, 287 B.R. at 628-29; Gardner v. Tyson, 218 B.R. 338, 342-44 (Bankr. E.D. Pa. 1998).  A debtor may expressly exempt a claim from his estate, making it the debtor's property so that the debtor has standing to pursue it in his own name.  See Christy v. Heights Finance Corp., 101 B.R. 542, 543 (C.D. Ill. 1987) (TILA claim exempted); see also Ball v. Nationscredit Financial Services Corp., 207 B.R. 869, 872-73 (N.D. Ill. 1997) (dismissing plaintiff's action because plaintiff lacked standing to pursue her TILA claim at the time that it was filed, as the claim had not been exempted or abandoned by the bankruptcy trustee).  Also, if a claim is transferred to the trustee and then deliberately abandoned by the trustee, the debtor may regain standing to pursue the claim.  11 U.S.C. § 554(a).  If a debtor fails to exempt or schedule a claim, and the trustee does not abandon the claim, the claim remains the property of the estate.  Allston-Wilson v. Philadelphia Newspapers, Inc., No. 05-4056, 2006 U.S. Dist. LEXIS 21383, at **2-3; see 11 U.S.C. § 554(d).  This is so even after the bankruptcy has been closed and the trustee has been discharged.  See Anderson, 287 B.R. at 627-29; Cain 101 B.R. at 441-43.

      Here, there is no suggestion that Ms. Schafer exempted (or even tried to exempt) her TILA claims in her Chapter 7 bankruptcy, or that the claims were abandoned by the trustee.  Therefore, any of Ms. Schafer's TILA claims that accrued prior her Chapter 7 bankruptcy remain property of the estate, and only the trustee in bankruptcy has standing to pursue them.

In their motions to dismiss, Decision One, HSBC and Greenwich assert that all of Ms. Schafer's TILA claims accrued prior to her Chapter 7 bankruptcy. Mot. to Dismiss of Decision One and HSBC at 6; Mot. to Dismiss of Greenwich at 12. Ms. Schafer appears to dispute this contention, but does not support her position with any fact or authority to the contrary. Her argument is based essentially on ignorance.

In Ms. Schafer's Memorandum of Law in Opposition to the Motion to Dismiss filed by Decision One and HSBC, discussing judicial estoppel, Ms. Schafer states:

> It is clear that the Plaintiff here had no knowledge of the potential TILA claims arising out of her loans, which were made only a short time before the 2005 [bankruptcy] Case was filed, during the course of the 2005 [bankruptcy] Case. Moreover, as her rescission of the loan did not occur until[] almost two years after her 2005 [bankruptcy] Case was closed, it does not even appear that the Plaintiff had a cause of action at the time that the 2005 [bankruptcy] Case was pending. At best, she had a potential claim, subject to analysis and discovery at a subsequent time.

Pl.'s Mem. of Law in Opp. to Mot. of Defs. Decision One and HSBC to Dismiss at 6. Similarly, during the oral argument on the pending motions, Ms. Schafer's counsel appeared to suggest that at least one of Ms. Schafer's claims under TILA did not exist at the time of her Chapter 7 bankruptcy. See Oral Argument Tr. at 24-29. However, counsel did not provide any explanation or authority for this assertion. See id.

TILA states that "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). With respect to claims for rescission and related relief for claims arising from the loan documents themselves, the date of the violation is the closing date of the loan. See Price v. Equifirst Corp., No. 08-1860, 2009 U.S. Dist. LEXIS 28113, at **14-16 (N.D. Ohio Apr. 1, 2009); Marangos v. Swett, No. 07-5937, 2008 U.S. Dist.

8

LEXIS 89779, at *16 (D.N.J. Sept. 29, 2008); Andrew v. Ivanhoe Financial, Inc., No. 07-729, 2008 U.S. Dist. LEXIS 42860, at *13 (E.D. Pa. May 30, 2008); Nix v. Option One Mortgage Co. No. 05-3685, 2006 U.S. Dist. LEXIS 2289, at **16-17 (D.N.J. Jan. 19, 2006); Solar v. Millenium Financial, Inc., No. 01-4327, 2002 U.S. Dist. LEXIS 8923, at **8-10, 16-18 (E.D. Pa. May 17, 2002); In re McNinch, 250 B.R. 848, 852 (Bankr. W.D. Pa. 2000). Here, the loan closed on December 21, 2004. Ms. Schafer's TILA claims arising from the loan documents themselves, including rescission, had accrued by the time she filed her Chapter 7 bankruptcy petition on July 14, 2005.

Although it was by no means made clear at oral argument, Ms. Schafer may be arguing that she has standing to assert a *separate* claim under TILA, arising from Defendants' alleged failure to respond properly to her letters demanding rescission of her loans. See Compl. at 9-10, 15; Oral Argument Tr. at 24-26. "Where a valid rescission request is wrongfully refused, the borrower is entitled to damages proximately caused by that refusal." Challenger v. U.S. Bank, No. 08-1523, 2009 U.S. Dist. LEXIS 20274, at **9-10 (D.N.J. Mar. 13, 2009). See In re Escher, 369 B.R. 862, 869 (Bankr. E. D. Pa. 2007); 15 U.S.C. § 1635(g); In re Armstrong, 288 B.R. 404, 419 (Bankr. E. D. Pa. 2003).

Ms. Schafer's present counsel sent letters to the Defendants demanding rescission on or about October 29, 2007, within three years of the loan transaction, none of which were honored. Under other circumstances, these letters might have formed the basis for claims under TILA, constituting "valid rescission requests" that were "wrongfully refused." See Challenger v. U.S. Bank, No. 08-1523, 2009 U.S. Dist. LEXIS 20274, at **9-10 (D.N.J. Mar. 13, 2009). However, here it appears that Ms. Schafer's rescission demands were not "valid," inasmuch as she did not

have standing to make them at the time because any right of rescission that she may have had already passed to the Chapter 7 bankruptcy trustee. See Smith v. Fidelity Consumer Discount Co., 898 F.2d 896, 903 (3d Cir. 1988) (noting that plaintiffs' entitlement to damages for a wrongful refusal of a rescission request "is . . . wholly dependent upon, and flows directly from, their entitlement to rescissionary relief"); In re Evans, 120 B.R. 817, 820 (Bankr. E.D. Pa. 1990) (concluding that a debtor who did not have standing to rescind a contract under TILA, likewise did not have standing to sue on her own behalf for remedies arising from the right to rescind the contract). The Court can find no authority to the contrary, and counsel did not advance this issue either in briefs or during oral argument. Accordingly, Ms. Schafer does not have standing to assert a separate TILA claim arising from Defendants' alleged failure to honor her rescission requests.

      The thrust of Ms. Schafer's argument is that she was *unable* to reference TILA claims during her Chapter 7 Bankruptcy case because she was *unaware* of these claims at the time. She argues that "it is important to establish that the debtor have knowledge of the existence of a claim in order for a duty to disclose the claim to arise." Pl.'s Mem. of Law of in Opp. to Mot. of Defs. Decision One and HSBC to Dismiss Compl. at 5. However, two of the three cases that Ms. Schafer cites in support of this argument discuss "knowledge" in the context of judicial estoppel only, not as a foil to a standing issue. See Lott v. Sally Beauty Co., No. 00-1216J20TJC, 2002 WL 533651, at ** 4-5 (M.D. Fla. Mar. 5, 2002); Chandler v. Samford University, 35 F. Supp. 2d 861, 864-65 (N.D. Ala. 1999). Here, of course, the Defendants' argument is based not on judicial estoppel, but on standing. See Lexxus International, Inc. v. Loghry, 512 F. Supp. 2d 647, 660 (N.D. Tex. 2007) (noting the differences between issues of

standing and issues of judicial estoppel in post-bankruptcy cases).

Moreover, the cases cited by Ms. Schafer at most merely confirm that a debtor *with* awareness of a claim must disclose it on her Bankruptcy Schedules. Anderson v. Acme Markets, Inc., 287 B.R. 624, 630 (E.D. Pa. 2002); Lott, 2002 WL 533651, at ** 4-5; Chandler, 35 F. Supp. 2d at 864-65. It does not necessarily follow that a debtor *without* awareness of a claim may, through her ignorance (real or feigned), prevent transfer of that claim to her estate and thereby retain standing to file suit on her own behalf. Ms. Schafer has failed to cite any cases to support her argument that her professed lack of knowledge of her TILA claims during her Chapter 7 bankruptcy means that these claims remain with her, and did not pass to the trustee in bankruptcy.[3] Indeed, if that were true, a debtor who filed for bankruptcy could prevent all of her accrued claims from passing to the trustee, simply by failing to investigate the potential for claims.[4] To essentially reward a debtor who has remained unaware of potential claims would encourage passivity and inattention just at a time when federal law expects the opposite. Ms. Schafer's failure to schedule or exempt her TILA claims in her Chapter 7 bankruptcy may be

---

[3] The Court notes that certain types of claims "accrue" when the debtor learns or should have learned of his injury and the source of his injury. See, e.g., Prudential Ins. Co. v. U.S. Gypsum Co., 359 F.3d 226, 233 (3d. Cir. 2004) (noting that the plaintiff's RICO claims accrued when the plaintiff knew or should have known of its injury, as well as the source of its injury) (internal quotations omitted); Calabrese v. McHugh, 170 F. Supp. 2d 243, 258-60 (D. Conn. 2001) (finding that plaintiff's tort claims accrued when he discovered the environmental contamination giving rise to these claims). That being said, Ms. Schafer has cited no caselaw to suggest that a TILA claim does not accrue until the date that the debtor becomes aware of the claim, and the Court has not found any.

[4] The Court notes that Ms. Schafer does not set forth any arguments based on fraudulent concealment, and does not suggest that the Defendants took any actions intended to prevent Ms. Schafer from learning that she may have had TILA claims arising from her 2004 loan transaction.

understandable if she and her then counsel were unappreciative of the existence of TILA claims, but that does not mean that she has standing to assert those claims here and now. On the contrary, the claims properly belong to the Chapter 7 bankruptcy trustee, and only the trustee has the authority to pursue them.[5]  See Lexxus International, Inc., 512 F. Supp. 2d at 656-60; Saellam v. Norfolk Southern Corp., 2007 U.S. Dist. LEXIS 41150, at **3-4, 8-13 (W.D. Pa. Jun. 6, 2007).

IV.   CONCLUSION

For the foregoing reasons, the Court grants the Defendants' motions to dismiss for lack of standing, as Ms. Schafer's claims under TILA are part of the bankruptcy estate, which is now closed. Accordingly, Ms. Schafer's Complaint is dismissed without prejudice to the right of the bankruptcy trustee to pursue such a claim as a party-plaintiff, or the right of Ms. Schafer to re-file a complaint in the event that her claims are abandoned by the bankruptcy trustee. Under the

---

[5] At oral argument, Ms. Schafer's counsel appeared to recognize that the TILA claims in this case should be brought by the Chapter 7 trustee, rather than by Ms. Schafer herself:

> COUNSEL: It would have been -- it would have been unusual, I think, for [Ms. Schafer's prior counsel] to have investigated every aspect of that transaction in connection with a Chapter 7. And I don't think any Chapter 7 lawyer would say that that's part of their responsibility. It really isn't. I mean, like I say, you could check every creditor that she has and see whether there's a collection practices claim, see whether there's some kind of a credit billing claim, and it's always possible to do that, but I think what they're arguing is just because the transaction occurred, which years down the road Mrs. Schafer determined that she had a right to rescind, that somehow -- and the question is, what would they expect to be done now? What would we do? We'd go back and we'd ask the Chapter 7 trustee whether the Chapter 7 trustee wants to -- I suppose it could do that. I mean, I even said that you could do that. I don't think the Chapter 7 trustee's going to have any interest in it, but that would be the remedy. The remedy certainly wouldn't be to bar Mrs. Schafer from making a claim.

Oral Argument Tr. at 28-29.

circumstances, the Court moots Ms. Schafer's Motion to Sever and Defendants' Motion to Remand. An Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE