IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCES L. SCHAFER** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **DECISION ONE MORTGAGE** | : | |
| **CORPORATION, et al.** | : | |
| | : | |
| **Defendants.** | : | **NO. 08-5653** |

**MEMORANDUM**

GENE E.K. PRATTER, J.                                                                                                   JUNE 30, 2009

      Plaintiff Frances L. Schafer brought suit against the lender in a serial loan transaction, the two assignees and present holders of the loans at issue, and the loan broker. Against the lender and the present holders of the loans, Ms. Schafer sought a declaration of rescission, statutory damages, finance charges and fees under the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"), plus reasonable attorneys' fees and costs. She asserted state law claims against the loan broker.[1]

      Motions to dismiss were filed by the lender, Decision One Mortgage Corporation ("Decision One"), and the two present holders of the loans, Greenwich Capital Financial Products, Inc. ("Greenwich") and HSBC Mortgage Corporation ("HSBC"). On May 29, 2009, the Court granted both of these motions on the ground that Ms. Schafer lacked standing to sue in her own capacity. The dismissal was without prejudice to the right of Ms. Schafer's Chapter 7 bankruptcy trustee to pursue the claims that Ms. Schafer asserted, as a party-plaintiff, or the right of Ms. Schafer to re-file a complaint in the event that her claims were abandoned by the

---

[1] The loan broker, Evergreen Mortgage & Funding Services, Inc., was never served with the Complaint, and has no role on this decision. See April 3, 2009 Oral Argument Tr. at 9.

bankruptcy trustee. See Order of May 29, 2009 (Docket No. 24).

Ms. Schafer now asks the Court to reconsider the May 29 ruling pursuant to Federal Rule of Civil Procedure 59(e). For the reasons stated below, Ms. Schafer's Motion for Reconsideration is denied.

I.   FACTUAL BACKGROUND

Although the facts of this case were articulated in the Court's May 29th Memorandum, they are included here for ease of reference.

Ms. Schafer entered into a mortgage loan transaction with Decision One on December 21, 2004, to refinance the existing mortgage on her residence in Exton, Pennsylvania. Compl. at ¶¶ 3, 6. Ms. Schafer asserts that - contrary to her expectation that she would receive a single loan from Decision One - Decision One "split" the loan transaction into two loans, resulting in a serial loan transaction. Id. at ¶ 6. Ms. Schafer states that she was not provided with disclosures that accurately described the loans she received; rather, she was presented with allegedly inaccurate Notices of Right to Cancel. She claims that she was charged excessive title insurance costs and other costs that were improperly excluded from the finance charge disclosed to her. Id. at ¶¶ 4, 7, 8. All of these improprieties, she alleges, constitute material violations of TILA. Id. The smaller of the two loans eventually was assigned to HSBC and the larger was assigned to Greenwich. Id. at ¶ 2.

On July 14, 2005, Ms. Schafer filed a Chapter 7 bankruptcy petition. She did not reference her TILA claims in the Bankruptcy Schedules, and she did not list them as assets to be exempted from distribution to the trustee. See In re Schafer, No. 05-19676 (DWS), at No. 1 (Bankr. E.D. Pa. 2005) (Voluntary Petition for Bankruptcy with accompanying schedules), attached to Defendant Greenwich's Motion to Dismiss as Ex. A. Ms. Schafer asserts that she

2

was not aware in 2005 that she had any claims arising from her 2004 loan transaction, and neither was the attorney who was then representing her.  Pl.'s Mem. Of Law in Opp. to Mot. of Defs. Decision One and HSBC to Dismiss at 2.[2]  Ms. Schafer was granted a discharge in bankruptcy on November 2, 2005, and her Chapter 7 bankruptcy case was closed two weeks later.  See id.

On June 6, 2007, a foreclosure action was brought against Ms. Schafer in the Chester County Court of Common Pleas, arising out of Ms. Schafer's default on the larger of her two loans.  See docket sheet from Deutsche Bank Nat'l Trust Co. v. Schafer, No. 2007-5464-C0 (Pa. C.C.P. Chester County), attached to Defendant Greenwich's Motion to Dismiss as Ex. B.  See also Compl. at Ex. D.  On February 13, 2008, the court in the foreclosure action entered judgment against Ms. Schafer.  Id.

Prior to the foreclosure action judgment, Ms. Schafer's present counsel sent letters to HSBC, Decision One, Deutsche Bank National Trust Company (the entity which had instituted foreclosure proceedings against Ms. Schafer), and Countrywide Home Loans, Inc. (the entity servicing the loan owned by Greenwich) on or about October 29, 2007.  On Ms. Schafer's behalf, her counsel requested rescission of the loans due to material violations of TILA.  See Compl. at ¶¶ 9-10, Ex. D.  Ms. Schafer maintained that these letters were "qualified written requests" under the Real Estate Settlement Procedures Act, 12 U.S.C. 2605(5)(e) ("RESPA"). Id.

Ms. Schafer received two responses from Countrywide, neither of which indicated that

---

[2] Ms. Schafer asserted that she was totally unaware of her TILA claims until 2007, when she consulted present counsel.  Pl.'s Mem. of Law in Opp. to Mot. of Defs. Decision One and HSBC to Dismiss at 2.

Countrywide or Greenwich would honor Ms. Schafer's rescission request. Compl. at ¶ 10, Ex. E, Ex. F. HSBC denied the rescission request outright. See Compl. at Ex. G.

In 2008, Ms. Schafer filed a Chapter 13 bankruptcy case to stay a sheriff's sale of her home. See Pl.'s Mem. of Law in Opp. to Mot. of Defs. Decision One and HSBC to Dismiss at 3. This Chapter 13 bankruptcy case predated Ms. Schafer's October 28, 2008 filing of a civil complaint in the Chester County Court of Common Pleas against Decision One, HSBC, Greenwich and Evergreen, which was removed to this Court on December 5, 2008.

On December 12, 2008, Decision One and HSBC filed a motion to dismiss the case, based in part on the ground that Ms. Schafer lacked standing to sue because her claims belonged to her Chapter 7 bankruptcy trustee. On February 2, 2009, Greenwich also filed a motion to dismiss, echoing Decision One and HSBC's argument that Ms. Schafer lacked standing to pursue her TILA claims. After an Initial Pretrial Conference, multiple rounds of briefing, and oral argument, the Court granted the motions to dismiss on May 29, 2009. The dismissal was without prejudice to the right of the bankruptcy trustee to pursue the claims that Ms. Schafer asserted, as a party-plaintiff, or the right of Ms. Schafer to re-file a complaint in the event that her claims were abandoned by her Chapter 7 bankruptcy trustee.

On June 2, 2009, Ms. Schafer filed a motion for reconsideration regarding the Court's dismissal of her claims. On that same date, she also filed a motion to reopen her Chapter 7 bankruptcy case to determine whether the bankruptcy trustee will prosecute her TILA claims or abandon them to her. See Motion to Reopen Case, attached to Pl.'s Mot. for Reconsideration of this Court's Order of May 29, 2009 Dismissing This Case as Exhibit 1.

II.   STANDARD OF REVIEW

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact

or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171, 106 S. Ct. 2895, 90 L. Ed. 2d 982 (1986) (internal citations omitted). A court should grant a motion for reconsideration only "if the moving party establishes one of three grounds: (1) there is newly available evidence; (2) an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice." Drake v. Steamfitters Local Union No. 420, No. 97-585, 1998 U.S. Dist. LEXIS 13791, at **7-8 (E.D. Pa. Sept. 3, 1998) (citing Smith v. City of Chester, 155 F.R.D. 95, 96-97 (E.D. Pa. 1994)). See also Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995). A motion for reconsideration should not raise additional arguments that the movant "could have made but neglected to make prior to judgment." Holsworth v. Berg, No. 05-1116, 2005 WL 1799409, at *3 (E.D. Pa. Jul. 26, 2005) (quoting U.S. v. Jasin, 292 F. Supp. 2d 670, 677 (E.D. Pa. 2003).

III.   DISCUSSION

In Ms. Schafer's motion for reconsideration, she states that a timely motion under Federal Rule of Civil Procedure 59 "accords the court an opportunity to engage in plenary reconsideration of a court order." Pl.'s Mem. of Law in Supp. of Mot. for Reconsideration of this Court's Order of May 29, 2009 Dismissing This Case at 6.[3] She asserts that the scope of such a motion "is very broad" and "may indeed include a contention [sic] new developments after the judgment warrant a different result, as well as the intention [sic] that the court made

---

[3] This citation is to the page of Ms. Schafer's Memorandum of Law that is labeled as page 6, which is actually the second page of her Memorandum of Law.

errors of law in deciding this matter." Id.

Now, in her motion for reconsideration, Ms. Schafer argues - for the first time - that the Court should "abide rendering final judgment" to give her time to attempt to reopen her Chapter 7 bankruptcy case and determine whether the trustee will prosecute her TILA claims or abandon them to her.  Pl.'s Mot. for Reconsideration of this Court's Order of May 29, 2009 Dismissing This Case at 2.  As Greenwich notes in its response to Ms. Schafer's motion for reconsideration, nothing prevented Ms. Schafer from requesting the relief she now requests, and making the arguments she now makes, *prior* to the Court's entry of judgment.  Ms. Schafer was well aware of the arguments in the motions to dismiss that she lacked standing to bring her TILA claims because those claims belonged to her bankruptcy trustee.  Indeed, Ms. Schafer's briefs in opposition to the motions to dismiss specifically addressed the standing arguments.  Further, during oral argument, Ms. Schafer's counsel appeared to acknowledge that the TILA claims in this case should have been brought by the Chapter 7 trustee, rather than by Ms. Schafer herself:

> COUNSEL:  It would have been -- it would have been unusual, I think, for [Ms. Schafer's prior counsel] to have investigated every aspect of that transaction in connection with a Chapter 7.  And I don't think any Chapter 7 lawyer would say that that's part of their responsibility.  It really isn't.  I mean, like I say, you could check every creditor that she has and see whether there's a collection practices claim, see whether there's some kind of a credit billing claim, and it's always possible to do that, but I think what they're arguing is just because the transaction occurred, which years down the road Mrs. Schafer determined that she had a right to rescind, that somehow -- and the question is, what would they expect to be done now?  **What would we do?  We'd go back and we'd ask the Chapter 7 trustee whether the Chapter 7 trustee wants to -- I suppose it could do that.  I mean, I even said that you could do that.  I don't think the Chapter 7 trustee's going to have any interest in it, but that would be the remedy.**  The remedy certainly wouldn't be to bar Mrs. Schafer from making a claim.

April 3, 2009 Oral Argument Tr. at 28-29 (emphasis added).  Nevertheless, at no point before filing her motion for reconsideration did Ms. Schafer argue that the Court should refrain from entering final judgment and give her additional time to seek relief in bankruptcy court.

6

In the May 29, 2009 Memorandum, this Court joined other courts in this district that, when faced with similar situations, dismissed the claims asserted by debtors when those claims properly belonged to the debtors' trustees in bankruptcy.  See, e.g., Allston-Wilson v. Philadelphia Newspapers, Inc., No. 05-4056, 2006 U.S. Dist. LEXIS 21383 (E.D. Pa. Apr. 20, 2006); Anderson v. Acme Markets, Inc., 287 B.R. 624 (E.D. Pa. 2002).  Since that time, the parties have not presented any newly available evidence, there has not been an intervening change in the controlling law, and the Court is not aware of any need to "correct a clear error of law or prevent manifest injustice."  See Drake v. Steamfitters Local Union No. 420, No. 97-585, 1998 U.S. Dist. LEXIS 13791, at **7-8 (E.D. Pa. Sept. 3, 1998).  Under the present circumstances, the Court is not persuaded that the dismissal of Ms. Schafer's claims was unwarranted, and declines to consider the merits of Ms. Schafer's arguments, which could have been raised before this late stage after the case has already been closed.  Ms. Schafer has failed to meet the standards of a meritorious motion for reconsideration.

However, even if Ms. Schafer *had* made these arguments earlier to request that the Court refrain from entering final judgment and give her *even more* time to seek relief in the bankruptcy court, allowing her to prosecute her TILA claims on her own or have them prosecuted by the bankruptcy trustee, those arguments would not have been compelling.

As the Federal Circuit has noted:

> Numerous cases in various jurisdictions deal with the situation such as the one here, where following the close of bankruptcy, a debtor asserts a claim that it could have, but did not, list on its schedule of assets.  But no uniform rule emerges on how this situation should be analyzed.

Phoenix Petroleum Co. v. United States, No. 98-5124, 1999 U.S. App. LEXIS 16939, at *11 (Fed. Cir. July 23, 1999).  Some courts addressing this kind of claim conclude that the debtor

lacks standing at the commencement of the case, because the asserted claims properly belong to the bankruptcy trustee, and this standing defect is fatal to the debtor's claims. See e.g., Tyler House Apartments, Ltd. v. United States, 38 Fed. Cl. 1, 7 (Fed. Cl. 1997) (granting defendant's motion for summary judgment because, inter alia, plaintiff's claims properly belonged to the bankruptcy trustee and "no entity with standing brought a timely action in this court. Thus, as of [the date the Complaint was filed], the court had no jurisdiction. The lack of standing, a jurisdictional defect, therefore cannot be cured nunc pro tunc back to the date when the original complaint was filed."); Ball v. Nationscredit Financial Services Corp., 207 B.R. 869, 872 (N.D. Ill. 1997) (stating that "[s]tanding goes to the court's jurisdiction and must exist at the time the action was filed. . . . If [plaintiff debtor] lacked standing at the time this action was filed, the suit must be dismissed even if she later acquired an interest sufficient to support standing.").

Other courts have analyzed the situation under Federal Rule of Civil Procedure 17(a), which in some circumstances may allow the debtor's claims to move forward through the joinder or substitution of the trustee in bankruptcy.[4] See, e.g., Saellam v. Norfolk Southern Corp., No. 06-123, 2007 U.S. Dist. LEXIS 41150, at **3-4, 8-13 (W.D. Pa. Jun. 6, 2007) (noting that Rule 17(a) allowed the trustee in bankruptcy to be substituted as the named plaintiff and granting defendants' motion for summary judgment, to the extent that plaintiff's complaint was dismissed

---

[4] The confusion here is magnified by the nomenclature. Some courts analyze the issues in terms of real parties in interest, while others do so in terms of standing. See Tate v. Snap-On Tools Corp., No. 90-4436, 1997 U.S. Dist. LEXIS 1485, at **4, 7-8 (N.D. Ill. 1997) (noting that "[t]he distinction between standing to sue and the real party in interest doctrine is, understandably, often blurred by judges and lawyers" and the issue of standing in bankruptcy cases is "murky"). Also, some courts differentiate between constitutional and prudential standing, while others do not. Compare Tyler House Apartments, Ltd. v. United States, 38 Fed. Cl. 1, 7 (Fed. Cl. 1997) with In re Phenylpropanolamine (PPA) Prods. Liab. Litig., MDL No. 1407, 2006 U.S. Dist. LEXIS 51756, at **6-9 (W.D. Wash. July 28, 2006).

with prejudice unless within 45 days the trustee moved to be substituted as plaintiff or the bankruptcy court took other action allowing the court to proceed); Paul v. Coca-Cola Enterprises, Inc., No. 06-796, 2007 U.S. Dist. LEXIS 35471, at *9 (W.D. Pa. May 15, 2007) (finding that plaintiff's cause of action was included in the bankruptcy estate and therefore could be pursued only by the trustee, and substituting the trustee as plaintiff under Rule 17(a)); Hutchinson v. Delaware Savings Bank FSB, 410 F. Supp. 2d 374, 382 (D.N.J. 2006) (citing Rule 17(a) and joining the bankruptcy trustee as a plaintiff in the debtors' action against the lender); In re James, 120 B.R. 802, 807-08 (E.D. Pa. 1990) (finding that debtor plaintiff lacked standing to pursue claims because they belonged to bankruptcy trustee and, citing Rule 17(a), upholding the bankruptcy court's decision to join bankruptcy trustee as a necessary plaintiff rather than dismiss debtor plaintiff's case). See also Walia v. Singh, No. 07-5541, 2008 U.S. Dist. LEXIS 50047 (D.N.J. July 1, 2008) (noting the "convoluted factual scenario presented" and "the already unclear nature of [plaintiff's] claim" and upholding the bankruptcy court's decision to join the bankruptcy trustee as a plaintiff).

Here, Ms. Schafer does not expressly invoke Rule 17 in her motion for reconsideration, but her arguments are strikingly similar to those made by other plaintiffs arguably in her position, as discussed above. In any event, Rule 17 would not prevent the dismissal of Ms. Schafer's claims.[5]

---

[5] The only time that Rule 17(a) is mentioned in the papers before the Court here is Greenwich's citation of a passage from Clark v. Trailiner Corporation, No. 00-5020, 2000 WL 1694299 (10th Cir. Nov. 13, 2000), a case that used Rule 17(a) to analyze arguments similar to those that Ms. Schafer now makes. See Br. Of Def. Greenwich Capital Financial Products, Inc. in Opp. to Pl.'s Mot. for Reconsideration of this Court's Order of May 29, 2009 Dismissing This Case at 4-5.
In Clark, the debtor plaintiff failed to list his Federal Fair Credit Reporting (cont'd. . . )

9

> Rule 17(a) provides:
>
> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification, joinder, or substitution of the real party in interest.

Fed. R. Civ. P. 17(a). "What constitutes reasonable time...is a matter of judicial discretion and will depend upon the facts of each case." Wieburg v. GTE Southwest, Inc., No. 98-2057, 2002 U.S. Dist. LEXIS 18141, at *6 (N.D. Tx. Sept. 26, 2002) (quoting 6A Charles Alan Wright et al.,

---

(cont'd . . )

Act claim in his bankruptcy estate. Then, after the bankruptcy estate was closed and the debtor had already filed suit, the debtor sought to reopen his bankruptcy case, list the claim as an asset, and have the trustee abandon the claim so that the claim would revest in him. The district court dismissed the case, and the Tenth Circuit Court of Appeals affirmed:

> The ultimate issue is whether the rules of standing or Fed.R.Civ.P. 17 govern the disposition of this case. Standing is assessed at the time the action is commenced. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 570 n.5 (1992). [Plaintiff] admits that he did not have standing when the case commenced.
>
> [Plaintiff] argues, however, he "cured" the standing problem and therefore, became the real party-in-interest under Rule 17. Rule 17(a) permits the joinder or substitution of the real-party-in-interest to an action. [Plaintiff], however, was not seeking to *substitute or join* the real-party-in-interest as permitted under Rule 17. He sought to *retroactively become* the real-party-in-interest and, thus, establish standing. This is not permissible.

Clark v. Trailiner Corporation, No. 00-5020, 2000 WL 1694299, at *2 (10th Cir. Nov. 13, 2000) (emphasis in original).

      It is difficult to determine whether, and to what extent, Clark is applicable here. Unlike the plaintiff in Clark, Ms. Schafer does not limit her requested relief to becoming the real party in interest. Rather, Ms. Schafer requests that the Court "abide rendering a final judgment" so that the bankruptcy court can *either* enter an order abandoning Ms. Schafer's TILA claims to her, *or* enter an order allowing the bankruptcy trustee to pursue her TILA claims and "then the Trustee could be substituted as a party plaintiff." Pl.'s Mot. for Reconsideration of this Court's Order of May 29, 2009 Dismissing This Case at 2. Regardless, the Court need not resolve this issue because the Court declines to consider the merits of the new arguments that Ms. Schafer now asserts, and in any event, Ms. Schafer did not take any steps to have her bankruptcy trustee ratify, join, or substitute in this case within a "reasonable time" under Rule 17(a).

10

Federal Practice and Procedure § 1555 (2d ed. 1990)), aff'd 2003 U.S. App. LEXIS 13090 (5th Cir. June 2, 2003). See Roussau v. Diemer, 24 F. Supp. 2d 137, 143-44 (D. Mass. 1998); Nagle v. Commercial Credit Business Loans, Inc., 102 F.R.D. 27, 32 (E.D. Pa. 1983).

Here, the "reasonable time" clock began ticking at least by December 12, 2008, when Decision One and HSBC "objected" by filing a motion to dismiss and arguing, inter alia, that Ms. Schafer was asserting claims that properly belonged to her Chapter 7 bankruptcy trustee. See Holland v. Ross, 62 Fed. Cl. 395, 405-06 (Fed. Claims 2004) (for purposes of the Rule 17(a) "reasonable time" inquiry, an "objection" occurs when either a party or the court makes a motion to notify the erring party of the error regarding real parties in interest); Wieburg v. GTE Southwest, Inc., No. 98-2057, 2002 U.S. Dist. LEXIS 18141, at **10-13 (N.D. Tx. Sept. 26, 2002) (determining that defendant "objected" when it filed a motion to dismiss contending that plaintiff lacked standing because the claims properly belonged to plaintiff's bankruptcy trustee). This standing argument was echoed in Greenwich's motion to dismiss, which was filed on February 2, 2009.

Despite full knowledge of defendants' arguments regarding her lack of standing, Ms. Schafer failed to take any steps to have her bankruptcy trustee ratify, join, or substitute in this case until June 2, 2009, when (prompted by the Court's ruling) she filed a Motion to Reopen her bankruptcy case. All things considered, this effort is "too little, too late" - the "reasonable time" clock has already run out.[6]

---

[6] The Court notes that the bankruptcy trustee has not indicated whether he (or she) intends to pursue or abandon the TILA claims that Ms. Schafer asserted in this lawsuit, or even when such a decision could be expected. See In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 2006 U.S. Dist. LEXIS 51756, at **6-9 (noting that the court had no indication of whether the trustee intended to pursue or abandon plaintiff's claims, and then granting defendants'

11

Even if the Court were to consider Ms. Schafer's new arguments on their merits, which it does not, the Court would still deny her Motion for Reconsideration. See Rodriguez v. Mustang Manufacturing Company, No. 07-13828, 2008 U.S. Dist. LEXIS 50098, at **6-11 (E.D. Mich. June 27, 2008) (granting motion for summary judgment regarding plaintiff's pre-petition claims because plaintiff did not seek joinder, ratification, or substitution of the trustee within a reasonable time; moreover, plaintiff did not seek to reopen his bankruptcy proceeding in the two years after his bankruptcy discharge, and allowing plaintiff additional time to reopen or substitute the trustee would cause months of delay); Lexxus International, Inc. v. Loghry, 512 F. Supp. 2d 647, 656-62 (N.D. Tx. 2007) (dismissing plaintiff's pre-petition claims, instead of substituting the bankruptcy trustee as to real party in interest, because the interested parties had had more than sufficient time to obtain joinder, ratification, or substitution of the trustee); In re Phenylpropanolamine (PPA) Prods. Liab. Litig., MDL No. 1407, 2006 U.S. Dist. LEXIS 51756, at **6-9 (W.D. Wash. July 28, 2006) (granting motion to dismiss because plaintiff had had a reasonable time to obtain joinder, ratification, or substitution of the trustee and had failed to do so); Sinder v. Society Bank, 102 B.R. 978, 985 (S.D. Ohio 1989) (granting motion to dismiss because plaintiff had had a reasonable time to obtain joinder, ratification, or substitution of the trustee and had failed to do so, and the "trustee in bankruptcy specifically declined to commence, ratify, join or be substituted in the plaintiff's complaint"). Cf. Nagle v. Commercial Credit

---

motion to dismiss because plaintiff had failed to obtain joinder, ratification, or substitution of the turstee within a reasonable time and plaintiff's mistake was not "understandable"). At oral argument on defendants' motions to dismiss, Ms. Schafer's counsel stated his belief that the bankruptcy trustee would not be interested in pursuing Ms. Schafer's TILA claims. April 3, 2009 Oral Argument Tr. at 28-29. However, Ms. Schafer's bankrtupcy trustee has not himself (or herself) expressed any intentions, one way or another.

Business Loans, inc., 102 F.R.D. 27, 32 (E.D. Pa. 1983) (substituting trustee as a party plaintiff under Rule 17(a) because the trustee had filed a motion to join within a reasonable time).[7]

IV. CONCLUSION

For the foregoing reasons, the Court denies Ms. Schafer's motion for reconsideration regarding the Court's dismissal of her claims. Further, the Court reminds the parties that Ms. Schafer's Complaint was dismissed without prejudice to the right of the bankruptcy trustee to pursue such a claim as a party-plaintiff, or the right of Ms. Schafer to re-file a complaint in the event that her claims are abandoned by the bankruptcy trustee. An Order consistent with this Memorandum follows.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[7] Ms. Schafer submitted a copy of an unpublished opinion with her motion, Salter v. Fremont Investment & Loan Co., No. 07-4178 (E.D. Pa. Feb. 28, 2008). See Appendix A to Pl.'s Mot. for Reconsideration of this Court's Order of May 29, 2009 Dismissing This Case. In Salter, the plaintiffs asserted TILA claims that had not been listed on their bankruptcy schedules, and defendants filed motions to dismiss on the ground that plaintiffs lacked standing to pursue the claims. Id. at **2-4. The court held that defendants' standing argument had been "effectively mooted" in light of the bankruptcy court's order, issued after the plaintiffs filed their Complaint, abandoning the TILA claims to plaintiffs. Id. at *5.

Here, the Court is not aware of any order by the bankruptcy court regarding the abandonment of Ms. Schafer's TILA claims, or the substitution of her bankruptcy trustee to pursue those claims. As previously discussed, Ms. Schafer has had ample time to seek such an order, and has failed to do so. Moreover, Ms. Schafer had the opportunity to make these new arguments earlier, before the Court's May 29, 2009, decision dismissing her Compalint, and she failed to do so. Accordingly, the Court finds that Salter does not impede the Court's denial of Ms. Schafer's motion for reconsideration.